UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCES BRIEANNA BRYANT,

    Defendant.

Case No. 24-20187
Honorable Laurie J. Michelson

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [118]

Based on police officers' knowledge at the time they acted, the Court found no probable cause for the warrantless arrest of Defendant Frances Bryant for being involved in drug trafficking, but that a warrant enabled the search and seizure of her cell phone for evidence of drug trafficking. Bryant now seeks reconsideration of the Court's denial of her motion to suppress the evidence recovered from that phone. (ECF No. 118.) For the reasons stated below, the motion is DENIED.

## I.

While investigating Barry Willis for drug trafficking, Livonia police officers connected his activity to a residence on Littlefield Street in Detroit. The officers eventually obtained a premises warrant for the residence that allowed them to seize and search all cellular phones "pertaining to controlled substances." (ECF No. 78-2, PageID.500–501.) While the warrant made no mention of Bryant or her specific cell

phones, she was the only person at the Littlefield residence when the officers arrived to execute the warrant.

As officers searched the residence, they uncovered a large-scale drug operation in the basement and other indicia of drug trafficking upstairs. So they arrested Bryant and continued their search. Officer Robert Kirn searched a room that suggested a female occupant—he found female clothing and hygiene products, a large mirror, and some designer shopping bags. So, believing Bryant to be connected to Littlefield, Kirn seized a white Samsung phone from Bryant's purse in the kitchen as one he believed "pertain[ed] to" controlled substances as outlined in the warrant. A later search of that phone revealed incriminating evidence.

Bryant was subsequently charged in a drug conspiracy with Willis. (*See* ECF No. 34, PageID.273.) In time, she moved to suppress the evidence recovered from that phone. (*See* ECF Nos. 69, 84.) After several rounds of briefing and oral argument, the Court understood Bryant's argument to be focused on the execution of the search warrant rather than its facial validity, i.e., whether it established probable cause to believe that evidence of drug trafficking would be on her phone. More specifically, in clarifying Bryant's position, the Court explained:

> In her brief, Bryant initially focused on the affidavit for the warrant and argued that it did not implicate her in drug trafficking, so it lacked the required "nexus" to authorize a search of Bryant's property. (*See* ECF No. 84, PageID.559 ("[T]he Littlefield affidavit did not contain any allegations involving Bryant."); *see also id.* at PageID.557.) Because Bryant focused on the affidavit, the Court first interpreted her argument as a four-corners challenge to the warrant. *See United States v. Sumlin*, 956 F.3d 879, 885 (6th Cir. 2020) ("Our review of the sufficiency of the evidence supporting probable cause is limited to the

2

information presented in the four-corners of the affidavit." (quoting *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)).

But in the subsequent proceedings, Bryant has clarified her argument. She is not—primarily at least—making a facial challenge to the Littlefield Warrant. (See ECF No. 100, PageID.796. *But see id.* at PageID.773 (not waiving prior arguments).) Instead she challenges how the officers executed the warrant as applied to her. (*See id.* at PageID.796.) In particular, she argues that the executing officers could not have reasonably believed that her phones fell within the warrant's scope. (*Id.* at PageID.796–798; *see also id.* at PageID.808–809.) In other words, Bryant's assertions that the affidavit is silent as to her are not meant to challenge the validity of the Littlefield Warrant, but are instead meant to show that the officers executing the warrant exceeded its scope when they erroneously concluded her phones "pertain[ed] to drug activity." (*See id.* at PageID.768, 773, 796–798.) So the Court proceeds with this framing of the issue.

(ECF No. 113, PageID.873–874.)

The Court ultimately found that the officers had an objectively reasonable belief that Bryant's phone fit the warrant's description of one "pertaining to controlled substances" and thus denied the motion. (*Id.* at PageID.878.) Bryant seeks reconsideration of this ruling. (ECF No. 118.)

## II.

"Although the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Supreme Court determined many years ago that defendants may file them." *United States v. Mack*, 831 F. App'x 787 (6th Cir. 2020). "Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases." *United States v. Hitchcock*, No. 22-20110, 2023 WL 3826458, at *1 (E.D. Mich. June 5, 2023) (citation omitted). "Under the court's local rules, motions for reconsideration are 'disfavored' and may be brought only if '[t]he court made a mistake,' '[a]n intervening change in controlling law warrants a

3

different outcome,' or '[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.'" *United States v. Sanders*, No. 21-1509, 2022 U.S. App. LEXIS 1291, at *6 (6th Cir. Jan. 18, 2022) (citing E.D. Mich. LR 7.1(h)(2)); *see also* E.D. Mich. LCrR 12.1.

### A.

Bryant first says the Court erred in its reframing of the warrant analysis. (ECF No. 118, PageID.900.) That is, Bryant maintains the Court cannot focus only on the execution issue and ignore the nexus issue. (*Id.*) According to Bryant, the Court "completely excused the constitutional deficiency in the warrant raised by Bryant without addressing it and turned the conversation toward an off-the-four-corners analysis about whether the officer unreasonably or flagrantly exceeded the scope of an 'otherwise valid warrant.'" (*Id.*)

But Bryant has never disputed that the warrant, on its face, was valid—i.e., that it established probable cause to believe phones found at the residence that pertained to controlled substances would have the requisite nexus to criminal activity. Whether a specific phone *fit* that description would then be an execution issue. (*See* ECF No. 100, PageID.773 (Bryant's counsel explaining that "[m]y scope argument is very much tethered to the nexus argument, right. My argument is that there was no nexus that established probable cause to that particular phone, and the reason why is because the search went beyond what they were allowed to do.").)[1] For

---

[1] Defense counsel further indicated that the "nexus and scope issues are very much intertwined" "[b]ecause the reason why [the seizure of Bryant's phone is]

instance, Bryant acknowledged that if she had been found in the basement tinkering with a scale, the warrant would allow the seizure of her phone even though she was nowhere mentioned in the warrant. (ECF No. 100, PageID.801.) Admittedly, Officer Kirn did not find Bryant tinkering in the basement. But he found her alone in a residence with a massive drug operation, other indicia of drug trafficking in the house, and evidence to suggest Bryant stayed there.

The Court, though, does not need to get bogged down in this analysis. If the thrust of Bryant's argument is that the Littlefield warrant was defective for failing to establish a sufficient nexus between her personal phone and evidence of drug trafficking, suppression is still not warranted because Officer Kirn seized the phone "in reasonable, good-faith reliance on [the] search warrant." *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017) (quoting *United States v. Leon*, 468 U.S. 897, 905 (1984)); *see also United States v. Tanzil*, No. 25-1102, 2025 U.S. App. LEXIS 30653, at *9 (6th Cir. Nov. 20, 2025) ("Under *Leon*, fruits of a warrant issued by a neutral magistrate but unsupported by probable cause will not be suppressed under the exclusionary rule if the executing officers acted in 'reasonable reliance' on the

---

beyond the scope is because there's no nexus that would establish that that phone had any evidence of drugs." (ECF No. 100, PageID.768.) That suggests the heart of Bryant's nexus and scope arguments is the same: there was insufficient evidence to connect Bryant to the Littlefield residence and the drug operation it contained. The Court carefully considered the evidence linking Bryant (and thus, her purse and phone) to the residence and found otherwise. So the Court did not really look past or ignore the nexus issue given its close relationship to the scope issue under the specific circumstances of this case.

warrant's validity with a good-faith belief that their actions were proper.") As the

Sixth Circuit explained:

> Due to the competing interests involved in cell phone searches, courts— including ours—have struggled to determine the proper standard for sanctioning government access to a suspect's phone. We have considered two potential nexus standards in the cell phone context. *See United States v. Rolling*, No. 23-1045, 2024 WL 4512532, at *3 (6th Cir. Oct. 17, 2024). One standard would require an affidavit to make "factual allegations" that the "[cell] phone [to be searched] itself is being used in connection with criminal activity." *Id.* at *3 (emphasis added) (quoting *United States v. Sheckles*, 996 F.3d 330, 338 (6th Cir. 2021)). An alternative standard mirrors the traditional probable cause inquiry, requiring an affidavit to allege a "fair probability" the phone "will aid in a particular investigation" and "disclose evidence of criminal activity." *Id.* But as in *Rolling*, Tanzil's case can be resolved on the good faith exception, so "we need not decide today whether mere allegations of participation in criminal activity" suffice to find probable cause where factual evidence is otherwise thin. *Id.*

*Tanzil*, 2025 U.S. App. LEXIS 30653, at *8–9.

For the reasons set forth in the Court's underlying opinion, this "is not a case

in which a 'simple glance' at the [Littlefield] warrant would reveal deficiencies glaring

enough to make reliance on it unreasonable." *United States v. Castro*, 881 F.3d 961,

966 (6th Cir. 2018) (citing *United States v. Watson*, 498 F.3d 429, 432 (6th Cir. 2007)).

Nor is the warrant "so lacking in indicia of probable cause as to render official belief

in its existence entirely unreasonable." *United States v. Watkins*, 179 F.3d 489, 494

(6th Cir. 1999). "All in all, this was not the kind of 'deliberate, reckless, or grossly

negligent disregard for Fourth Amendment rights' that triggers suppression." *Castro*,

881 F.3d at 966 (citing *Davis v. United States*, 564 U.S. 229, 238, (2011)). Indeed, the

Court already ruled that the facts known to the officers did not establish the kind of

"culpability" on the part of law enforcement to make application of the exclusionary rule appropriate. (ECF No. 113, PageID.878–879.)

Thus, even if the Court erred in its handling of Bryant's nexus argument, correcting that error would not result in a different outcome.

## B.

Bryant next argues that the Court erred in treating her phone like any other container in the house. According to Bryant, the "heightened protection that *Riley [v. California*, 573 U.S. 373 (2014)] bestows on cell phones makes it plain that the officers in this case unreasonably exceeded the scope of the Littlefield warrant." (ECF No. 118, PageID.902.)

The Court, however, did not find that the officers could search Bryant's phone incident to her arrest or merely because it constituted an on-premises container. The Court, instead, found that search of Bryant's phone was within the scope of a valid warrant.

As the Court explained, the first step in the scope analysis was determining whether Bryant's purse and the phone inside were even part of the premises that the warrant authorized officers to search. (ECF No. 113, PageID.873.) Only after finding that the phone was an on-premises container did the Court then separately analyze whether the language of the warrant and Bryant's apparent connection to the Littlefield residence enabled Officer Kirn to reasonably conclude that the phone pertained to controlled substances—i.e., was within the scope of the warrant. (*Id.* at PageID.876.)

Lastly, Bryant's reliance on *United States v. Griffith*, 867 F.3d 1265 (D.C. Cir. 2017), does not compel a different result. Not only is the case factually distinct, but, based on those distinctions, this Court finds that the good-faith exception applies such that suppression is not warranted.

## III.

For these reasons. Bryant's motion for reconsideration (ECF No. 118) is DENIED.

SO ORDERED.

Dated: March 11, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge

8